IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RICHARD N. SWANSON, | ) |
| JOANNE F. SWANSON, | ) |
| TREASURER OF | ) |
| PORTAGE COUNTY, OHIO, | ) |
| LAUREL CANYON HOLDINGS, LLC, | ) |
| BANK OF AMERICA, N.A., FIRST MERIT | ) |
| CORPORATION, a/k/a FIRST MERIT | ) |
| BANK, MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEMS, INC., and | ) |
| FIRST FRANKLIN A DIVISION OF | ) |
| NATIONAL CITY BANK OF IN, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

The Plaintiff United States of America, pursuant to 26 U.S.C. §§ 7401 and 7403(a), and with the authorization of a delegate of Secretary of the Treasury and at the direction of a delegate of the Attorney General of the United States, brings this civil action to obtain judgment against Defendant Richard N. Swanson for his unpaid trust fund recovery penalties, to enforce the associated federal tax liens against certain real property of Richard N. Swanson, and to set aside a fraudulent transfer of property to Joanne F. Swanson. For its complaint, the United States alleges as follows:

**Jurisdiction and Parties**

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1340, and 1345, and 26 U.S.C. §§ 7402 and 7403.

2. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) and 1396.

3. Defendant Richard N. Swanson resides within the jurisdiction of this Court.

4. Defendant Joanne F. Swanson is joined as a party to this action pursuant to 26 U.S.C. § 7403(b) because she has or may have an interest in the Property.

5. Defendant Treasurer of Portage County, Ohio, is joined as a party to this action because he has or may have an interest in the Property.

6. Defendant Laurel Canyon Holdings, LLC, is joined as a party to this action because it has or may have an interest in the Property.

7. Defendant Bank of America is joined as a party to this action because it has or may have an interest in the Property.

8. Defendant First Merit Corporation, a/k/a First Merit Bank, is joined as a party to this action because it has or may have an interest in the Property.

9. Defendant First Franklin a Division of National City Bank of IN is joined as a party to this action because it has or may have an interest in the Property.

10. Defendant Mortgage Electronic Registration Systems, Inc., is joined as a party to this action because it has or may have an interest in the Property.

11. The real property at issue in this case is located at 448-24 White Tail Drive, Aurora, Ohio, (the "Property") which is Portage County Permanent Parcel Number 03-012-00-00-002-003 and is more specifically described as:

> Situated in the City of Aurora, County of Portage, State of Ohio and known as being Unit 2-SP together with an undivided percent interest in the common areas and facilities of the Deer Island of Walden Condominium, as platted, and recorded in Plat Book 29, Pages 15 & 42, Portage County Record of Plats, and declared in the Declaration and First Amendment of Deer Island of Walden Condominium and recorded in Volume 974, Pages 446 through 519, and Volume 996, pages 925 through 943, Portage County Record of Deeds.

> Being the Property conveyed to Richard N. Swanson and Joanne F. Swanson by deed of John J. Mizenko, dated April 22, 1996, and recorded with the Portage County Recorder of Deeds at Volume 0108, Page 0016, and the Property purportedly conveyed as of record to Joanne F. Swanson by deed by Richard N. Swanson, dated May 16, 2006, and recorded with the Portage County Recorder of Deeds as Instrument No. 200612116.

**Count One: Federal Tax Liabilities of Richard N. Swanson**

12. The United States incorporations paragraphs 1-3, above.

13. Defendant Richard N. Swanson served as the president and at least 95% shareholder of Fortran Printing, Inc., a printing company located in Cleveland, Ohio, for approximately 20 years.

14. Fortran Printing, Inc., failed to pay over to the Internal Revenue Service ("IRS") payroll taxes (Form 941, Employer's Quarterly Tax Return) for the quarters ending March 31, 2002, and June 30, 2002.

15. Defendant Richard N. Swanson was the person at Fortran Printing, Inc., responsible for truthfully accounting for, collecting, and paying over to the United States, Fortran Printing, Inc.'s federal withholding taxes.

16. On or about September 22, 2003, a Letter 1153 and Form 2751, Proposed Assessment of Trust Fund Recovery Penalty for the quarter ending March 31, 2002, of Fortran Printing, Inc., was mailed to Defendant Richard N. Swanson.

17. On or about March 6, 2006, a Letter 1153 and Form 2751, Proposed Assessment of Trust Fund Recovery Penalty for the quarter ending June 30, 2002, of Fortran Printing, Inc., was mailed to Defendant Richard N. Swanson.

18. A delegate of the Secretary of the Treasury made the following assessments against Defendant Richard N. Swanson under 26 U.S.C. § 6672 by reason of his willful failure to collect, truthfully account for, and pay over to the United States the trust fund portion of federal income

and Federal Insurance Contributions Act (FICA) taxes withheld from the wages of the employees of Fortran Printing, Inc., in regard to the tax periods, on the dates, and in the amounts set forth below, with Notices of Federal Tax Liens filed with the Portage County Recorder on the dates set forth below:

| Tax Period | Assessment Date | Amount Assessed | Unpaid Balance as of April 18, 2016 (including statutory accruals) | NFTL Filed |
|---|---|---|---|---|
| March 30, 2002 | May 1, 2006 | $195,034.29 | $165,039.91 | July 5, 2006<br>April 11, 2016 * |
| June 30, 2002 | December 5, 2006 | $31,655.23 | $46,885.08 | April 10, 2007<br>April 11, 2016 * |
| | | Total: | $211,924.99 | |

*A NFTL filed in the name of Joanne F. Swanson, as nominee of Richard N. Swanson.

19. A delegate of the Secretary of the Treasury properly gave notice of the liabilities described in paragraph 18, above, and made demand for payment of the liabilities upon Defendant Richard N. Swanson.  Despite such notice and demand, Defendant Richard N. Swanson has neglected, failed, or refused to pay the liabilities in full.

20. After the application of all abatements, payments, and credits, Defendant Richard N. Swanson remains indebted to the United States for $211,924.99 as of April 18, 2016, plus such additional amounts as may accrue from and after that date as provided by law.

21. On or about May 16, 2005, Richard N. Swanson and Joanne F. Swanson filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, styled as *In re Richard & Joanne Swanson*, Case No. 05-52977 (N.D. Ohio).

22. On or about September 14, 2005, an Order of Discharge was entered, stating that the debtor is granted to a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

23. Pursuant to 11 U.S.C. §§ 727(b), 523(a)(1)(A), and 507(a)(8)(C), debts owed under 26 U.S.C. § 6672 plus interest thereon are nondischargeable and Defendant Richard F. Swanson remains personally liable for the trust fund debts.

### Count Two: Enforcement of Federal Tax Liens Against the Property

24. The United States incorporates paragraphs 1 through 23, above.

25. By general warranty deed, dated April 22, 1996, and recorded May 10, 1996, the Property was conveyed to Richard N. Swanson and Joanne F. Swanson.

26. By quit claim deed dated May 16, 2006, and recorded May 17, 2006, Richard N. Swanson purportedly transferred his interest in the Property to Joanne F. Swanson "for valuable consideration paid."

27. Sixteen days prior to the purported transfer, described in paragraph 26, above, the IRS gave Richard N. Swanson notice of his liabilities pursuant to 26 U.S.C. § 6672, and made demand for payment for the same, stemming from his responsibility for paying to the United States the trust fund portion of Form 941 taxes withheld from the wages of the employees of Fortran Printing, Inc.

28. As a result of the neglect, failure, or refusal by Defendant Richard N. Swanson to pay the liabilities described in Count One, above, federal tax liens in the amounts of the assessments, plus statutory accruals, arose pursuant to the provisions of 26 U.S.C. §§ 6321 and 6322, and, attached, as of the dates of the assessments, to all property and rights to property belonging to Richard N. Swanson, then in existence or thereafter acquired, including the Property.

29. Upon information and belief, Richard N. Swanson continued to reside at the Property after purportedly transferring his interest in the Property to Joanne F. Swanson.

30. Defendant Joanne F. Swanson paid no consideration for the interest in the Property purportedly transferred to her in May, 2006.

31. Defendant Richard N. Swanson has continuously enjoyed all the benefits of owning the Property since April, 1996, including those periods when record title to the Property was purportedly transferred to and held by Defendant Joanne F. Swanson.

32. In or about August, 2014, Defendant Joanne F. Swanson submitted to the IRS an "Application Nonattachment Federal Tax Lien" with respect to the Property.

33. On December 11, 2014, the IRS issued an Affidavit Certificate of Non-Attachment of Federal Tax Lien in regard to the tax assessments made against Richard N. Swanson for the trust fund liabilities.

34. On or about April 8, 2016, the IRS issued a Revocation of Affidavit Certificate of Non-Attachment of Federal Tax Lien as provided under 26 U.S.C. § 6325(f)(2), recorded on April 11, 2016 with the Portage County Recorder as Instrument No. 201605064, certifying that the IRS mistakenly issued the Certificate of Non-Attachment of Federal Tax Lien, as the IRS determined that the federal tax liens did, and do now, attach to the Property.

35. Defendant Joanne F. Swanson holds record title to the Property as the nominee of Defendant Richard N. Swanson, whose interest in the Property is at least 50%.

36. Defendant Richard N. Swanson's interest in the Property was purportedly transferred to Joanne F. Swanson in May, 2006, subject to the United States' tax liens, with respect to the assessments described in paragraph 18, above.

37. The federal tax liens with respect to the assessments described in paragraphs 18, above, attached to and remain on the Property.

38. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its liens upon the Property, to have that Property sold at a judicial sale free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, and to have the proceeds distributed, after the payment of the cost of sale and any real estate taxes due and owing under 26 U.S.C. § 6323(b)(6) to the United States, or as otherwise determined by the Court in accordance with the law.

**Count Three: Set aside Richard N. Swanson's Purported Transfer of his ½ Interest in the Property to Joanne F. Swanson as a Fraudulent Transfer**

39. The United States incorporates paragraphs 1 through 38, above.

40. On or about April 30, 2002, the Form 941 return for the quarterly period ending March 31, 2002 (dated April 26, 2002) was filed by Fortran Printing, Inc., and signed by Richard N. Swanson.

41. On or about November 10, 2004, the Form 941 return for the quarterly period ending June 30, 2002 (dated November 8, 2004) was filed by Fortran Printing, Inc.

42. On or about January 19, 2006, Richard N. Swanson executed a Form 2750 Waiver Extending Statutory Period for Assessment of Trust Fund Recovery Penalty for the tax period ending March 31, 2002, of Fortran Printing, Inc.

43. By letter dated March 31, 2006, the IRS Appeals Office sustained the proposed assessment under 26 U.S.C. § 6672, and notified Richard N. Swanson that an assessment would be made against him for Fortran Printing, Inc.'s accrued unpaid trust fund taxes for the quarterly period ending March 31, 2002.

44. On or about May 1, 2006, and 15 days prior to the purported transfer described in paragraph 26, above, a delegate of the Treasury gave notice of the trust fund liability of Defendant Richard N. Swanson to him and made demand for payment.

45. At the time of the purported transfer of record title as described in paragraph 26, above, Defendant Richard N. Swanson had accrued substantial liabilities to the IRS in the form of trust fund recovery penalties due under 26 U.S.C. § 6672 for the periods described in paragraph 18, above, by reason of his failure to collect, truthfully account for and pay over to the United States the trust fund portion of Form 941 taxes withheld from the wages of the employees of Fortran Printing, Inc.

46. Defendant Richard N. Swanson purportedly transferred his interest in the Property to Joanne F. Swanson, as described in paragraph 26, above, with the actual intent to hinder, delay, or defraud his creditors, including the United States, and thus the transfer was fraudulent and void as to the United States.

47. On or about June 6, 2006, or less than one month after the purported transfer described in paragraph 26, above, Defendant Richard N. Swanson submitted to the IRS a Form 433-A Collection Information Statement for Wage Earners and Self-Employed Individuals, wherein he certified, under penalties of perjury, that within the past 10 years, he did not transfer any assets out of his name for less than their actual value.

48. Defendant Richard N. Swanson fraudulently conveyed the Property, and then hid such conveyance in order to evade the collection of taxes by the IRS.

49. On or about December 28, 2005 (or less than 5 months prior to the transfer described in paragraph 26, above), the Chapter 7 Trustee in Bankruptcy Case No. 05-52977 filed a "No Asset Report" with the bankruptcy court.

50. The purported transfer, described in paragraph 26, above, was made without receiving reasonably equivalent value in exchange, and was made while Defendant Richard N. Swanson was insolvent.

51. At the time of the purported transfer, described in paragraph 26, above, Defendant Richard N. Swanson was insolvent, or became insolvent shortly after the purported transfer was made.

52. At the time of the purported transfer, described in paragraph 26, above, Defendant Richard N. Swanson had accrued federal income tax liabilities for such amounts as described in paragraph 18, above.

53. Defendant Richard N. Swanson purportedly transferred his title to the Property to Joanne F. Swanson, as described in paragraph 26, above, without receiving reasonably equivalent value and without fair consideration at a time when he was engaged in, or was about to engage in, a business or transaction for which his remaining assets were unreasonably small in relation to the business or transaction.

54. Defendant Richard N. Swanson purportedly transferred his title to the Property to Joanne F. Swanson, as described in paragraph 26, above, without receiving reasonably equivalent value and without fair and adequate consideration at a time when he intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

55. Plaintiff United States is entitled to avoid the transfer described in paragraph 26, above, enforce its liens upon the Property, to have that property sold at a judicial sale free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, and to have the proceeds distributed, after the payment of the cost of sale and any real estate taxes

due and owing under 26 U.S.C. § 6323(b)(6), to the United States, or as otherwise determined by the Court in accordance with the law.

WHEREFORE, the Plaintiff United States of America prays that the Court:

A. enter judgment in favor of Plaintiff United States and against Defendant Richard N. Swanson for unpaid tax liabilities associated with his failure to collect, truthfully account for and pay over to the United States the trust fund portion of federal income and FICA taxes withheld from the wages of the employees of Fortran Printing, Inc., for the quarterly tax periods described in paragraph 18, above, in the amount of $211,924.99 as of April 18, 2016, plus statutory additions from and after April 18, 2016, including interest pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c);

B. determine that the liabilities referenced above were not discharged in Defendant Richard N. Swanson's prior bankruptcy case, docketed as *In re Richard Swanson and Joanne Swanson*, Case No.: 05-52977 (N.D. Ohio);

C. find that Defendant Joanne F. Swanson holds title to the Property as a mere nominee and fraudulent transferee of Defendant Richard N. Swanson;

D. enforce the federal tax liens associated with Defendant Richard N. Swanson's 26 U.S.C. § 6672 federal tax obligations against the Property, and sell the Property free and clear of all rights, titles, claims, liens, and interests of the parties to this action, including any rights of redemption, with the proceeds be distributed to the United States after the payment of the costs of sale and any real estate taxes due and owing under 26 U.S.C. § 6323(b)(6);

E.  alternatively, set aside Defendant Richard N. Swanson's purported transfer of his interest in the Property to Defendant Joanne F. Swanson described in paragraph 26, above, as a fraudulent transfer that is void as to the United States and enforce the liens as prayed for above; and

F.  award the United States of America such other and further relief as the Court may deem just and proper.

Dated: April 28, 2016

                                              Respectively Submitted,

                                              CAROLINE D. CIRAOLO
Acting Assistant Attorney General
Tax Division, U.S. Department of Justice

/s/ *Mary A. Stallings*
MARY A. STALLINGS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-616-2604 (v)
202-514-5238 (f)
Mary.A.Stallings@usdoj.gov

11